## COMMONWEALTH *vs.* CHARLES SMITH & others.

In the trial of an indictment against several for malicious mischief, by injuring a sloop in taking her from her moorings, evidence is inadmissible to prove that, several hours after the taking of the sloop, the defendants were pursued in a steamboat, and, when overtaken, one of them made threats of personal violence against anybody who should lay hands on him, if there is nothing in the case to connect the language used with the specific injuries which are the subject of the indictment.

INDICTMENT for malicious mischief, by injuring the sloop Taloola. At the trial in the superior court, before *Rockwell*, J., it appeared that the acts which were the subject of the indictment were committed in Fall River, in this commonwealth, in taking the sloop from her moorings there; and that, about two hours after the taking, the defendants were pursued in a steamboat, and were come up with at a distance of about ten miles, in Rhode Island, and the sloop was retaken. Evidence was offered by the government, and admitted under objection, of what took place when the steamboat came up with the sloop, in Rhode Island, and of the conduct of the defendants there, and of threats made by one of the defendants " that he would rip up the guts of the first man that laid hands on him." This evidence was admitted " solely as tending to show malice, and the state of mind of the defendants when the trespasses complained of in the indictment were committed."

Other questions arose at the trial, which are not now material.

The defendants were found guilty, and alleged exceptions.

*J. Brown*, for the defendants.

*Foster*, A. G., for the Commonwealth.

MERRICK, J. The evidence of the threatening language used by one of the defendants towards some person on board the steamer which came up to the sloop in which he was sailing, was inadmissible. It occurred long after the alleged perpetration of the mischief described in the indictment; and there is nothing in the bill of exceptions to show that this language was not wholly the result of an altercation which occurred between

the parties at the moment when it was uttered. It is not con-nected by any circumstance or allusion with the supposed mis-conduct of any one in breaking, defacing or injuring the sloop, which is the substance of the charge against the defendants; and therefore it should not have been allowed to be made a part of the evidence in the case. It had a manifest tendency to prejudice one, and perhaps all of the defendants, in the estima-tion of the jury, and, being inadmissible, should have been ex-cluded. The exceptions taken by the defendants must therefore be sustained.

As a new trial must for this cause be directed, it is thought unnecessary to consider the other questions presented in the bill of exceptions. *Exceptions sustained.*